As previously announced, the times will be as allotted to counsel. The first case today is 14-2-115, Bank of America v. Deborah Casey. Counsel. May it please the Court. My name is Adam Ponte, and I represent the appellant, Deborah A. Casey, trustee of the bankruptcy debtor Alvaro M. Herrera. And I'm here today on behalf of the trustee to seek this Court's reversal of the district court's order in favor of Appellee Bank of America that effectively reversed the bankruptcy court's order on summary judgment that originally allowed the trustee to avoid the mortgage at issue in the bankruptcy proceeding for the bankruptcy estate's benefit. Now, as this Court may know, the mortgage at issue contains a material defect that is not in dispute. The material defect is on its face, and that material defect is a certificate of acknowledgement that omits the Herrera's names as being the individuals who executed the mortgage of their free act and deed. Now, of course, it is not the trustee's position that the Herrera's did not indeed execute the mortgage, but that question is not necessarily relevant to this proceeding where we are discussing defective certificates of acknowledgement. Now, the bankruptcy court suggested that this has been a common problem and that it's seen many instances of this. So this case has an importance that goes beyond the particular facts of this particular attempt to foreclose. Are we agreed on that? Absolutely, Your Honor. And there is very little guidance from the state courts on the two issues that the parties presented? That is correct, Your Honor. This Court is inclined to certify questions to the Supreme Judicial Court. The parties each will have seven days to propose questions to us. Thank you, Your Honor. You can proceed with such argument as you would like. It might help us in framing the questions. Thank you. So it's important to note that for the seven years following the mortgage execution at issue here, Bank of America did not initiate any proceedings on account of the defect. They didn't seek a declaratory judgment that the Herrera's indeed executed the mortgage of their free act and deed. But the attorney's affidavit was done at the request, I assume, of Bank of America.  That is my assumption, Your Honor. Do you know anything about that? Or we can ask your opponent. Please ask my opponent, Your Honor. Now, so in the context that I've just laid out for the Court, the trustee contends that the district court erred in its ruling for three main reasons. The first is that the 5B affidavit recorded pursuant to Chapter 183, Section 5B, cannot repair a material defect in a mortgage. And that is clear in light of the other applicable statutes with respect to Defective Certificates of Acknowledgement, Chapter 183, Sections 29 and 30. And in light of, as Your Honor mentioned, the line of cases in bankruptcy court, I'll call it the Giroux line of cases. It is our position that Section 5B affidavits cannot correct a material defect. The second reason is that the unilateral recording of a 5B affidavit violates what is known as the functus officio doctrine. I don't think much of that argument, Counsel. You can spell it out if you want. But the terms of a 5B affidavit are set forth in 5B. If those are satisfied, then the affidavit can be filed. The functus officio doctrine really doesn't have much to do with whether it complies with 5B. The only point that I would like to make, Your Honor, with respect to functus officio, because I do not want to take up your time, is the position, the trustee's position, is that the 5B affidavit acts in effect and operates as a re-recorded certificate of acknowledgment and that the 5B affidavit does exactly what a re-recorded certificate of acknowledgment would do had the bank received the signature and assent of the pereres. But I'll move on from that. I don't want to waste your time. The third reason that the trustee believes that the disreport erred is because the 5B affidavit, like the underlying mortgage that it references, cannot give constructive notice to the trustee. And constructive notice being the standard that we hold to bona fide purchasers and it's clear under 11 U.S.C. 544 that trustees, whether or not they can avoid a mortgage, the standard to be held against them is not actual notice but constructive notice. As I had a question about whether that was an issue of federal law or an issue of state law, and the few circuits that have looked at it have said that, too, is a question of state law. What is constructive notice to a bona fide purchaser? Do you agree with that? Yes, Your Honor. And specifically here, actual knowledge is irrelevant under that line of reasoning. And really all that matters, the question is, was the mortgage or deed properly recorded? Yes, so the real question is whether the lien was perfected. Yes, Your Honor. Apologize. So back to the first prong of the argument. It is the trustee's position that under Chapter 183, Section 5B, a 5B affidavit that's unilaterally recorded cannot correct a material defect in a mortgage. Looking first at the plain language of the statute, in light of the other statute I will discuss, Chapter 184, Section 24, it's clear that the legislature knew how to draft the statute when it was dealing with material defects and when it was only looking for the opportunity for an attorney or another officer of the court to clarify chain of title. So under Chapter 183, Section 5B, it's very short and simple. It allows an attorney to record an affidavit based on his personal knowledge that provides benefit in clarifying chain of title. And that's what we have here. Are you making an argument that this also does not comply with 5B and that this is more than a technical defect that can be easily cured, a sort of Scrivener's error? It is the trustee's position that this is not a Scrivener's error, Your Honor. Does that answer your question? Yes, I'm surprised by the answer, but that's okay. And in looking at Chapter 184, Section 24, the legislature specifically was able to outline different types of defects, material defects, one of which is relevant to this proceeding, a Defective Certificate of Acknowledgement. It's explicitly referenced in the statute. And going further in the statute, it provides the 10-year safe harbor provision, which I'll submit is a statute of repose in our opinion. But it also provides that within those 10 years, a proceeding on account of the defect may be brought. And that was not done here, Your Honor. Now, with respect to Chapter 184, Section 24, the line of cases we discussed, Giroux, Bauer, Kelly, Nistad, they all looked at this statute. And the only difference between our case and those cases is this 5B affidavit that was recorded unilaterally six months before the bankruptcy proceeding. And looking at the statutes, looking at the McQuaid decision of the SJC, looking at Chapter 183, Sections 29 and 30, knowing all of the requirements that we must have a strict adherence to the Certificate of Acknowledgement rules, it appears that it would be illogical for the legislature to allow an attorney to unilaterally correct something that the courts of Massachusetts have held to be critical for deeds and mortgages to be recorded at Registries of Deeds. Now, moving to the final part of my argument, it is also our position that the 5B affidavit cannot provide constructive notice to the trustee. And importantly, the case law of this First Circuit, Henry Ryan, and then you have the Nistad and Mubzira opinions, they all discuss underlying mortgages that never were valid for recording. And the question was whether or not subsequently recorded documents that were properly recorded, for example, an assignment of mortgage or an order of notice, whether those subsequently recorded documents could save the mortgage, could provide constructive notice to the trustee at that point. And the courts all came out and said, no. Why? Because it's illogical, it seems, that the mortgage itself that cannot provide constructive notice to a trustee, if that's the situation, then how could a document referencing that invalidly recorded mortgage provide notice of that mortgage? Furthermore, with respect to the bank's argument that a title examination, the results of a title examination, would provide constructive notice to the trustee, I believe that argument is misplaced, Your Honors, because in the In re. Adams opinion, which is the basis for that position of the bank, the underlying mortgage in that case was validly recorded. That was not the issue. And the title examination results were based on whether or not the tracks of land that were cited in the mortgage, because they didn't line up with the plan description, the title examination results would have revealed all three plots to the attorney. So for all those reasons, Your Honor, the trustee contends that, I apologize, I'm done, but the trustee contends that a 5-D affidavit cannot cure a defective certificate of knowledge. Thank you. One question, Mr. Pine. Yes. Both sides have taken the position here that without the signatures, this is not a valid document. Nonetheless, the certification does contain the initials at the bottom of the page of the purchases of the property, and there's also an indication that the license was checked. No one has made the argument, but is it something that we should also ask the SJC as to whether they, in fact, consider it an invalid document? The trustee's position, Your Honor, is that this is not a scenario where the mortgagors didn't execute the mortgage. That would be, I believe, a totally different line of argument. We're not disputing that. And it really is with the concern that the certificate of acknowledgement rules have been longstanding in the courts of Massachusetts, and I guess perhaps. Well, if you're going to concede the point, the certification rules have their own limits and may preclude us from asking the court. Thank you, Your Honor. So are you saying that the mortgage, because it was executed or you're not challenging that, is valid as between the parties, or is it your position that it is voidable by the mortgagor? It's valid as between the parties, Your Honor. Thank you. Thank you. Good morning. May it please the Court, Mark Johnson, representing Bank of America, along with Attorney Kathleen Hayer from my office. Mr. Johnson, how did all of this start? Is it that the Bank of America realized its closing attorney had made this mistake in a number of cases and so got these attorney affidavits? My understanding is that post-closing this became an issue. The closing attorney put the affidavit on and felt that it resolved the issue. At the outset he didn't do it sui sponte. Okay. My assumption is he did it at the request of the bank. All right. The question as to the certification, first I'd like to make it clear that we did not believe that the line of cases dealing with Agin and Giroux was relevant because of the 5B affidavit. However, we do not believe that that line of cases is based upon what Massachusetts law is. The underpinning of the Giroux case in Meurs v. Agin is that there is a Massachusetts statute on point that would make a mortgage without a fully filled out notarization clause invalid. And that is the basis of those decisions. And those decisions refer to a number of cases, including a Tennessee case, which the I think it's the Sixth Circuit was interpreting Tennessee law and reached that conclusion. In Tennessee there was a specific statute that provided that the notarization clause had to be filled out for the mortgage to be valid. Now, the assumption of the cases, the Giroux line of cases, is that Master in the Laws, Chapter 183, Section 29, requires the notarization of a mortgage. There is an unpublished decision of the Massachusetts Appeals Court, DeSimone v. GMAC Mortgage, citation is 3 Northeast 3rd 616, 85 Mass Appellate Court 1102, in which the appeals court was dealing with a borrower who wanted to rescind their notice of rescission of a mortgage. And an argument was made that the rescission of the notice to rescind had not been notarized and therefore was not valid. In this particular case, the appeals court stated plaintiff's further argument that the mortgage was void because the withdrawal affidavit could not be recorded is without merit. The statute relied upon by the plaintiffs, General Laws, Chapter 183, Section 29, refers only to deeds. This is an unpublished. That is an unpublished. And I assume their rule is like our rule. It's not to be cited as precedent. Their rule is that it may be cited for persuasive value, but because of limitations above, not as a binding precedent. But I point that out and also point out that the legislative history of Section of Chapter 183, Section 29, which we trace back to 1783, was that the original statute actually did state, and no bargain sale, mortgage, or other conveyance in fee simple, fee tail, or for term of life or any lease more than seven years shall be good unless a deed or deeds thereof are acknowledged or recorded. So at one time the statute did specifically deal with mortgages. Today's statute states only deeds. It does not include mortgages within that statute. And at the same time there's been some reference in some of the other decisions to the regulations, Governor Romney's regulations as to notarization of documents. And that also specifically states that failure of a document to contain a form of acknowledgement, juried signature, witnessing, or copy of certification set forth in its executive order, should not be the basis of a refusal to accept a document for filing, recordation, or registration, or have an effect on validity. So I do not believe that the law is settled in Massachusetts, and I would welcome the certification to the Supreme Judicial Court, both on the issue of the 5B affidavit, as well as whether or not the mortgage itself is binding. We're glad to hear that. Now, getting back to the 5B affidavit, and it's our belief that the 5B affidavit has done exactly what it was intended to be used for. The trustee's position that a 5B affidavit cannot be used for what they characterize as a substantive change, we believe is not based upon any law. In fact, the 5B affidavit has been cited in the, has been used in a number of cases to fill in a gap in assignments as to who is a holder of a mortgage. In Ford v. Lehman Capital, the affidavit was used to fill a gap in the record title for missing assignments. The affidavit stated that an assignment existed, although the original could not be found and recorded, and the court found that it was sufficient to confer a standing to foreclose. Additionally, the 5B affidavit can be used to record off-record documents, the whole Bevilacqua line of cases relative to foreclosures, in which you can cure a defect in foreclosure by finding an off-record assignment of a pooling agreement or the like can be put on record by a 5B affidavit. And similarly, in the Eden case, in which a foreclosing mortgagee had to show that they were the holder of the promissory note at the time of the notices, the court held that a 5B affidavit certainly can be used to fill in that gap. I would suggest that if you're determining who is the actual holder of a mortgage, that is more substantive or probably more substantive than a notary putting on record under a 5B affidavit that the mortgagor has appeared before him and swore that the acts that they took were their free act indeed. It's our belief that Chapter 184, Section 24 is a statute of repose. There was some argument below. Only in part. I mean, there's another part that provides a mechanism to solve the problem. Absolutely.  And I find it would not seem to follow that if after 10 years a mortgage which has been recorded and the trustee's position is was void when recorded, somehow springs back to life after 10 years unless you continue to have some existence. And Judge O'Toole below found that the trustee's reasoning was a very hyper-technical view of the statute. And I think he used the example that five or ten minutes or 15 minutes after closing, it was realized that the Notarization Clause wasn't filled out and an affidavit was put on. Certainly there's no prohibition of resolving the issue that way. I don't believe that 184, Section 24 is the exclusive remedy. I think it is a remedy. After 10 years, this mortgage is good. But it doesn't say that that's the only way of making the mortgage good. But it does involve the mortgagors as opposed to the closing attorney sort of on his own without any notice to the people involved in the closing except perhaps the bank. But that also is being done. You're absolutely correct, but he was also the notary. It wasn't a third party that was putting the 5B affidavit on. It was an attorney who also was the notary. And in some ways it's no different than solving the holder of a notary mortgage under Eaton and the Benelacqua cases where the affidavit goes on, but the original bank that may have held the mortgage originally does not sign off on the 5B affidavit. From the point of view of the couple in bankruptcy trying to avoid foreclosure, did they really have a stake in the outcome of this? I mean, this is the trustee's action. My understanding is this is solely the trustee's action. The family, the husband and wife for the bankrupt has not taken any part in these proceedings. I don't believe their attorney has showed up at any of the hearings. Yeah, I know. So are they disinterested in this issue or do they have a stake somehow in this game? I don't want to speak for them, but based upon them not appearing and not filing any paperwork, I would have to assume that at this point they're not interested in the proceeding. Do you know whether or not they filed a notice of homestead exemption? I am not sure. I can certainly let the court know. I'm not positive on that question. Would there be any objection to ‑‑ answering the question I think would serve our purposes? Is there any objection to that? Okay, thank you. And we certainly can get the answer to that question within the next couple of days. Okay, thank you. Have they been paying on the mortgage? I don't believe so. I like the beeps. As someone who's colorblind, I have trouble with the lights. Your time is up unless there's something absolutely pressing you need to tell us. Nothing more. I appreciate the panel's time. Thank you. Thank you.